UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAIL LOPEZ, et al.,

    Plaintiffs,

v.    Civil Case No. 14-1040 (RJL-GMH)

TIMECO, INC., et al.,

    Defendants.

**FILED**
**AUG 3 1 2017**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
(August 29, 2017) [Dkt. #24]

Plaintiffs are ten individuals employed by Timeco, Inc., as butchers, stockpersons, meat packers, and deliverymen. Their lawsuit asserts that Timeco and its president, Houshang Momenian, paid them unlawful wages in violation of federal and District of Columbia law. Before the Court is plaintiffs' Motion for Summary Judgment Regarding Tip Credit [Dkt. #24]. The Motion attempts to preclude defendants from limiting their potential liability by counting as wages tips earned by plaintiffs. Upon consideration of the pleadings, relevant law, and the entire record herein, the Court determines that plaintiffs have not met their burden to show that there are no genuine disputes of material fact regarding the "tip credit" issue. Accordingly, the Court will DENY plaintiffs' Motion.

## BACKGROUND

Tipping is customary in many industries. The Fair Labor Standards Act ("FLSA") permits employers in such industries to calculate a "tip credit" and to include that amount when figuring an employee's total "wage" for purposes of complying with FLSA's

minimum wage provisions. *See* 29 U.S.C. § 203(m). The net result is that an employer can pay an employee less than the federally-mandated minimum wage if the employee earns enough in tips to make up the difference. While this practice is generally thought to benefit employees because they retain any surplus above the minimum wage, FLSA also imposes certain safeguards. As relevant here, "an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit." 29 C.F.R. § 531.59(b); *see* 29 U.S.C. § 203(m)(2).

The instant lawsuit asserts claims under FLSA and two D.C. statutes for defendants' alleged failure to pay minimum wage or overtime.[1] Anticipating that defendants will rely on the tip credit to reduce their potential liability, plaintiffs filed the instant Motion. They assert four facts in support of the Motion, none of which defendants dispute: (1) plaintiffs worked for defendants, Pls.' SOF ¶ 1;[2] (2) plaintiffs were paid fixed weekly rates, Pls.' SOF ¶ 2; (3) plaintiffs received tips, Pls.' SOF ¶ 3; and (4) Houshang Momenian, President of Timeco, "did not discuss tips with the [p]laintiffs and did not disclose that [d]efendants intended to use the tips as a credit toward minimum wage," Pls.' SOF ¶ 4.

Although defendants do not contest these four facts, they proffer evidence which casts them in a different light. Specifically, defendants present an affidavit by Mart Dashzegve, the store manager for Timeco, in which Dashzegve states that he "supervised all of the plaintiffs." Decl. of Mart Dashzegve ¶¶ 1–4 ("Dashzegve Decl.") [Dkt. #32-3];

---

[1] The two statutes are the D.C. Minimum Wage Revision Act, D.C. Code §§ 32-1001 *et seq.*, and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.*

[2] The parties do dispute whether some or all of the plaintiffs were independent contractors as opposed to employees. *See* Am. Compl. ¶ 16; Answer to Am. Compl. ¶ 16. I do not resolve that dispute here.

*cf.* Am. Compl. ¶ 11 (alleging "Momenian supervised [p]laintiffs directly or indirectly") [Dkt. #9]. Dashzegve explains that it was his role, as store manager, to "explain[] the job to new workers." Dashzegve Decl. ¶ 5. He also says that he discussed tips with each new worker, *id.* ¶¶ 7–10, and further that "[a]ll of the [p]laintiffs understood that their income was supplemented by tips," *id.* ¶ 9. Plaintiffs did not file a reply in support of their Motion and thus have not addressed the Dashzegve declaration.

## STANDARD OF REVIEW

Plaintiffs move for summary judgment. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In making that determination, the court 'must view the evidence in the light most favorable to [the nonmoving party], draw all reasonable inferences in [their] favor, and eschew making credibility determinations or weighing the evidence.'" *Calhoun v. Johnson*, 632 F.3d 1259, 1261 (D.C. Cir. 2011) (quoting *Lathram v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003)).

## ANALYSIS

To prevail on their Motion for summary judgment, plaintiffs must establish that Timeco failed to inform them that it would use a tip credit to offset the wages paid by the company. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b). The *only* evidence proffered

by plaintiffs in support of this conclusion is deposition testimony that defendant Momenian did not personally discuss the tip credit with plaintiffs. Pls.' SOF ¶ 1.

Plaintiffs' proffer is insufficient to carry their burden. Even without the Dashzegve declaration, a reasonable jury could infer that an organization with the resources to hire ten workers is likely also to employ supervisors who, as part of their function, discuss company policy with their subordinates. That is especially so where, as here, plaintiffs have acknowledged that Momenian, as president of the company, may have only "indirectly" supervised Timeco's employees. Am. Compl. ¶ 11.

But I need not rely only on a negative inference drawn from plaintiffs' sparse proffer. The Dashzegve declaration states that Dashzegve discussed with every worker Timeco's use of tips to supplement regular wages, and that each of the workers who are now plaintiffs in this case understood that policy. Although the declaration does not make clear whether the content of these discussions complied with all of the requirements set forth in the federal regulations, viewed in the light most favorable to defendants, the declaration is sufficient at least to raise a genuine dispute as to whether Timeco properly disclosed to plaintiffs that it would use a tip credit. Accordingly, plaintiffs' Motion for summary judgment on this issue must be denied.

## CONCLUSION

For all of the above reasons, the Court will DENY plaintiffs' Motion for Summary Judgment Regarding Tip Credit. An Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge