**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALBERTO GENARO VAIL LOPEZ et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>TIMECO INC., d/b/a BARGAIN WHOLESALE et al.,<br><br>         Defendants. | Case No. 14-cv-1040 (RJL/GMH) |

## MEMORANDUM OPINION AND ORDER

This case was referred to the undersigned for the resolution of all discovery-related matters. Before the Court is Plaintiffs' submission styled a "Motion to Compel the Deposition of Defendant Houshang Momenian and Mart Dashzegve" [Dkt. 37], filed on October 18, 2017, which is now ripe for adjudication. For the following reasons the motion is denied.

### BACKGROUND

Plaintiffs initiated this action against Defendants on June 18, 2014, under the D.C. Minimum Wage Revision Act, the D.C. Wage Payment and Collection Law, and the federal Fair Labor Standards Act ("FLSA"). Amend. Compl. [Dkt. 9]. Plaintiffs allege that they "worked for Defendants as butchers, stockpersons, and deliverymen," and that Defendants failed to properly pay them their minimum and overtime wages. *Id.* at 1.

Discovery was initially set to close on March 31, 2015. *See* 10/7/2014 Minute Order. Following a series of joint motions, *see* [Dkts. 12, 13, 14], U.S. District Judge Richard J. Leon extended the discovery deadline to September 30, 2015, *see* 7/13/15 Minute Order.

Meanwhile, Plaintiffs propounded discovery requests in November 2014, which included an interrogatory ("Interrogatory No. 1") asking Defendants to identify all individuals who had discoverable factual information about the claims or defenses in the case, as well as the subjects of that information. [Dkt. 37, ¶¶ 4, 13]. The parties also attempted to schedule the deposition of Defendant Mr. Momenian, the president of Defendant Timeco, Inc. [Dkt. 9, ¶ 5; Dkt. 37, ¶¶ 6–7]. Plaintiffs deposed Mr. Memonian for two hours on June 18, 2015, and thereafter held the deposition open because they had not yet received all of the documents that Defendants planned to produce. [Dkt. 37-2 at 4; Dkt. 38 at 1].[1]

Notwithstanding the court-ordered close of discovery in September 2015, the parties continued to conduct discovery after that deadline. [Dkt. 37, ¶ 11]. Defendants responded to Plaintiffs' discovery requests in early December 2015. [Dkt. 37, ¶ 9; Dkt. 37-3]. In response to Interrogatory No. 1, Defendants identified 26 individuals, including 21 individuals classified as either butchers or warehouse employees who were "expected to testify as to the tip reporting controversy [and] the tip procedure at the company."[2] [Dkt. 37-3 at 3–5]. Among these was an employee designated "Mart Dashzeque." [Dkt. 37-3 at 4].

Over nine months later, in September 2016, Plaintiffs filed a motion for partial summary judgment focusing on the issue of the tip credit. Pl. S.J. Mot. [Dkt. 24]. Plaintiffs supported their motion with testimony from Mr. Momenian's deposition, in which he indicated that he did not inform tipped employees who worked for Timeco about the tip credit because "[t]hey know before they come." [Dkt. 24 at 5; Dkt. 24-1 at 10]. In their response, filed in January 2017, Defendants

---

[1] All page references to documents in the record correspond to the ECF docket page numbers for the relevant document.

[2] Under the FLSA, before an employer may use the "tip credit" to pay tipped employees less than the minimum wage, the employer must provide the employee with certain information about the credit. *See e.g.*, *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 16-17 (D.D.C. 2010).

2

countered that Mr. Momenian did not manage the employees day-to-day; rather Mart Dashzegve performed that function. Def. S.J. Opp. [Dkt. 32 at 5-6]. Defendants provided an affidavit from Mr. Dashzegve asserting that, as manager of the business, he informed all new hires of their weekly pay and the fact that that amount would be supplemented by tips. [Dkt. 32-3, ¶¶ 4, 7-9]. Judge Leon denied Plaintiffs' motion for partial summary judgment in August 2017. *See Lopez v. Timeco, Inc.*, __ F. Supp. 3d __, 2017 WL 3836043 (D.D.C. 2017). On October 18, 2017, Plaintiffs filed their motion to compel seeking to continue the deposition of Mr. Momenian and to depose Mr. Dashzegve.

## LEGAL STANDARD

Although Plaintiffs' motion is designated a motion to compel, it is more properly characterized as a motion to re-open discovery. Rule 16 of the Federal Rules of Civil Procedure requires the district court to issue a scheduling order governing various deadlines, including the deadline to complete discovery. FED. R. CIV. P. 16(a)(2)–(3). Such orders not only allow the parties to organize the course of the litigation, but, equally importantly, permit the court to control its docket. *See, e.g.*, *Lurie v. Mid-Atlantic Permanente Med. Grp.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008). Thus, Rule 16 allows a scheduling order to be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4); *see also* LCvR 16.4(a). "In deciding whether good cause exists under Rules 16(b) and [LCvR] 16.4 to amend a scheduling order, the Court primarily considers the diligence of the party in seeking discovery before the deadline." *Barnes v. D.C.*, 289 F.R.D. 1, 7 (D.D.C. 2012). Other factors include whether trial is imminent, whether the non-moving party consents, whether the non-moving party would be prejudiced, the foreseeability of the need for additional discovery given the time allotted by the court, and the likelihood that the discovery sought will lead to relevant evidence. *See Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324,

3

326 (D.D.C. 2012). The party seeking to reopen discovery bears the burden of showing good cause, *see, e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); ultimately, the decision "is within the sound discretion of the trial court," *Barnes*, 289 F.R.D. at 7.

## DISCUSSION

### A.   Continued Deposition of Mr. Momenian

Plaintiffs' argument regarding Mr. Momenian's deposition is simple: the parties agreed in June 2015 that the deposition could be continued after Defendants produced discovery [Dkt. 37, ¶ 8]; Defendants produced the discovery in December 2015 [Dkt. 37, ¶ 9]; therefore, discovery should be re-opened to finish the deposition. Plaintiffs have not explained why they failed to request completion of Mr. Momenian's deposition until more than one and one-half years after they received the needed information. Nor have they divulged why they waited until after Judge Leon denied their motion for summary judgment. They have not, that is, attempted to show that they diligently pursued this discovery.

Indeed, it appears that it was the denial of the motion for summary judgment, itself, which inspired this tardy attempt. On September 11, 2017—eleven days after the motion was denied—counsel for Plaintiffs asked counsel for Defendants to make Mr. Momenian available for deposition "in light of the ruling by [Judge Leon]." [Dkt. 37-4]. But they offer no precedent, and the undersigned is aware of none, that suggests that a party who decides to seek additional discovery on the sole basis that its motion for summary judgment has been denied has demonstrated good cause to re-open discovery. *Cf., e.g.*, *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F.3d 148, 152 (D.C. Cir. 2002) (rejecting argument that, "because 'attorneys are not clairvoyant,' [defendant] could not foresee the discovery it would need until it saw [plaintiff's] summary judgment motion"). Plaintiffs have therefore not met their burden.

4

B.     **Deposition of Mr. Dashzegve**

Plaintiffs' argument as to Mr. Dashzegve is marginally more developed. They contend that they "had no meaningful notice regarding the facts and the purported importance of Mart Dashzegve as a witness. In fact, in the responses to the Discovery Requests, Mr. Dashzegve is only identified as an employee rather than a manager." [Dkt. 37, ¶ 14]. However, as Plaintiffs acknowledge, Mr. Dashzegve was identified in Defendants' response to Interrogatory No. 1 as a person who was "expected to testify as to the tip reporting controversy [and] the tip procedure at the company."[3] [Dkt. 37, ¶ 13]. To be sure, Mr. Dashzegve was one of a number of other potential witnesses with such information, but that does not signal that his knowledge regarding the company's tipping policies was somehow hidden from Plaintiffs or sprung upon them over a year after the disclosure was originally made. Indeed, Plaintiffs are all former employees of Timeco [Dkt. 9, ¶¶ 17–26], so Mr. Dashzegve's "importance" to the case cannot have been a surprise.

Moreover, Plaintiffs' argument, focused as it is on Mr. Dashzegve, seems to miss the point slightly. The motion for partial summary judgment and this ensuing request indicate that any shortcomings in Plaintiffs' discovery relate to Timeco's communication of its tipping policies to employees. But as Judge Leon pointed out, it is reasonable to infer from the operative Complaint that "an organization [like Timeco] with the resources to hire ten workers is also likely to employ supervisors who . . . discuss company policy with their subordinates," especially since Plaintiffs acknowledged therein that Mr. Momenian "may have only 'indirectly' supervised Timeco's employees." *Lopez*, __ F. Supp. 3d at __, 2017 WL 3836043, at *2 (quoting Amend. Compl., ¶ 11). That is, Plaintiffs should have known from the outset of this case that Timeco potentially employed

---

[3] Defendants spell Mr. Dashzegve's last name as "Dashzeque" in their response to Interrogatory No. 1. Plaintiffs do not argue that the misspelling of Mr. Dashzegve's name contributed to any confusion.

supervisory personnel other than Mr. Momenian who would inform employees of company policy.[4] But it appears that they nevertheless failed to pursue that information, even despite Defendants' notice during discovery that Mr. Dashzegve was "expected to testify as to the tip reporting controversy [and] the tip procedure at the company." [Dkt. 37, ¶ 13]. Plaintiffs' concern that Defendants identified numerous other employees—twenty, to be exact—who had knowledge of Timeco's tip credit policies was easily addressed through a Rule 30(b)(6) deposition. Through that discovery technique, Plaintiffs could have deposed a single corporate representative, identified by Defendants, about Timeco's tip credit policies. *See, e.g.*, *Banks v. Office of Senate Sergeant-At-Arms*, 241 F.R.D. 370, 372 (D.D.C. 2007) ("Rule 30(b)(6) allows a party to depose a corporation through representatives designated by the corporation; the designee's testimony is then generally admissible as a statement of the corporation."); *see also Prasad v. George Washington Univ.*, __ F.R.D. __, __, 2017 WL 4570771, at *10 (D.D.C. 2017) (Rule 30(b)(6) deposition intended to streamline discovery process by allowing receiving party to prepare designated representative to testify on matters within peculiar knowledge of organization). Plaintiffs chose not to take such a deposition. In light of these facts, the undersigned cannot find that Plaintiffs were diligent in pursuing the requested discovery. *See, e.g.*, *Ned Chartering & Trading*, 294 F.3d at 152; *see also, e.g.*, *Geremia v. First Nat'l Bank of Boston*, 653 F.2d 1, 6 (1st Cir. 1981) ("This is not a situation, therefore, involving important new evidence that plaintiff in the exercise of due diligence could not earlier have uncovered.").

Plaintiffs make no argument as to any of the other factors tending to demonstrate good cause, *see, e.g.*, *Parker*, 204 F.3d at 340 ("[W]here the moving party has demonstrated good cause,

---

[4] Indeed, Mr. Momenian's deposition testimony indicates that the business had other supervisory employees: he noted, for example, that the employees "don't need *us* saying" (that is, telling them about the tipping policy) and that "*we* know" how much in tips the employees bring in. [Dkt. 24-1 at 10 (emphasis added)].

the court may grant leave to amend the scheduling order to extend the deadline."), and an independent review does not convince the undersigned that an extension should be granted. For example, although trial has not yet been scheduled, the parties do not contemplate any further dispositive motion practice and are ready to set a trial date. [Dkt. 37-4]. Defendants do not consent to re-opening discovery. And, perhaps most obviously, the parties had ample time to engage in discovery—from the entry of the first scheduling order in October 2014 through the official close of discovery in September 2015 and even beyond. Order dated Jan. 17, 2017 [Dkt. 33 at 2 (noting parties continued to engage in discovery until August 2016); Dkt 37, ¶ 10]. Given that extended period of discovery, Plaintiffs' request to re-open discovery after the resolution of a motion for summary judgment is not warranted. Therefore, the motion is denied as to the deposition of Mr. Dashzegve.

## CONCLUSION

For the reasons stated, it is hereby

**ORDERED** that Plaintiffs' Motion to Compel the Depositions of Defendant Houshang Memonian and Mart Dashzegve [Dkt. 37] is **DENIED**.

**SO ORDERED.**

Date: November 29, 2017

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE